IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSEPH D. HUNTLEY,

    Petitioner,

v.                                                                                   No. 1:19-cv-01251-JDB-jay
                                                                                     Re: No. 1:16-cr-10013-JDB-1

UNITED STATES OF AMERICA,

    Respondent.


ORDER TRANSFERRING MOTIONS TO THE SIXTH CIRCUIT AS SECOND OR
SUCCESSIVE § 2255 PETITIONS,
DENYING RULE 60 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

By order dated December 12, 2022, the Court denied Petitioner, Joseph D. Huntley's, 28 U.S.C. § 2255 petition (the "Petition"). (Docket Entry ("D.E.") 10.) Judgment was entered on December 28, 2022, (D.E. 13), and Petitioner thereafter filed a notice of appeal (D.E. 14). On March 16, 2023, the Sixth Circuit dismissed the appeal. (D.E. 18.) On March 22, 2023, the inmate submitted documents styled "Motion to Set Aside and Vacate Conviction and Sentence 28 U.S.C. § 2255" ("Section 2255 Motion") (D.E. 20), "Motion to Supplement 28 U.S.C. § 2255 Rule 15(d) F.R.Civ.P" ("Motion to Supplement") (D.E. 21), and "Motion to Set Aside and Vacate Dismissal Order § 2255 Pursuant to F.R.Civ.P Rule 60(b)(4) & (6) Defect in the Integrity of the Proceed[ing]s" ("Rule 60 Motion") (D.E. 22). For the following reasons, the Section 2255 Motion and the Motion to Supplement are TRANSFERRED to the Sixth Circuit as second or successive petitions, and the Rule 60 Motion is DENIED.

I. <u>Section 2255 Motion and Motion to Supplement</u>

Under 28 U.S.C. § 2244(b)(3), "federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997). If a petitioner brings a successive petition in the district court without first obtaining authorization from the Sixth Circuit, the district court must transfer the successive petition to the appellate court. *Id.* at 47.

In his Section 2255 Motion and Motion to Supplement, Huntley presents new claims for § 2255 relief. The documents are therefore second or successive petitions. Because Petitioner has not yet obtained authorization from the appellate court to proceed on the claims, the motions are TRANSFERRED to the Sixth Circuit.

II. <u>Rule 60 Motion</u>

In his Rule 60 Motion, Petitioner asserts that the judgment in this case should be vacated based on a "defect in the integrity" of the proceedings. (D.E. 22 at PageID 138.) He posits that the proceedings are defective because it took "th[e] court [three years] to rule on [his] § 2255[.]" (*Id.* at PageID 137.)

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4)  the judgment is void;

  (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

"A proper Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005)). "A movant that seeks relief under Rule 60(b) must show 'extraordinary circumstances justifying the reopening of a final judgment.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

Huntley is not entitled to relief from the judgment in this case.[1] More to the point, the so-called "delay" in the disposition of his claims does not undermine the integrity of the Court's decision to deny the Petition. The inmate has therefore not alleged an extraordinary circumstance for purposes of Rule 60(b). The motion is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal from the denial of a Rule 60(b) motion unless a district or circuit judge issues a certificate of appealability ("COA"). *United States v. Hardin,* 481 F.3d 924, 926 (6th Cir. 2007); *see also* 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

---

[1] The Rule 60 Motion is not a second or successive petition because it only challenges a purported defect in the integrity of the proceedings and does not present a claim. *See Gonzalez*, 545 U.S. at 532 (a Rule 60 motion is not a second or successive petition if it "attacks . . . some defect in the integrity of the federal habeas proceedings.").

22(b)(1). A COA may issue if reasonable jurists could debate whether the motion should have been resolved differently. *Alford v. United States*, No. 17-3680, 2017 WL 9732077, at *2 (6th Cir. Nov. 14, 2017).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Rule 60 Motion. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[2]

IT IS SO ORDERED this 5th day of October 2023.

                          s/ J. DANIEL BREEN
                          UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.